IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRODTI INC.,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No.<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## COMPLAINT

Plaintiff BrodTi Inc. ("BrodTi" or "Plaintiff") files this Complaint against Defendant Google LLC ("Google" or "Defendant") and as claim for relief states as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, for infringement of United States Patent No. 11,416,898 ("the'898 Patent").

## PARTIES

2. Plaintiff is a Delaware corporation with an address of 99 Wall Street, Suite 4042, New York, New York 10001.

3. On information and belief, Defendant is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served via its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Defendant does business in Delaware, directly and/or through intermediaries, and offers its products and services, including those accused herein of infringement, to customers and potential customers located in Delaware.

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court has personal jurisdiction over Defendant because Defendant is a resident of Delaware and regularly conducts business and has committed acts of patent infringement within this District, giving rise to this action. Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District and elsewhere in the United States by making, using, offering to sell, and selling its infringing products and services and inducing, causing, urging, encouraging, aiding, and abetting the infringement of the '898 Patent by third-party users of its products and services, including residents of Delaware.

7. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant is a resident of Delaware as a Delaware limited liability company.

## FACTUAL BACKGROUND

8. Plaintiff is the owner of all rights, title, and interest in and to the '898 Patent. A true and correct copy of the '898 Patent is attached as Exhibit A.

9. The '898 Patent, titled: "Method, Systems, and Apparatus for Financing Projects," issued on August 16, 2022. Plaintiff's invention relates to a method, systems, and apparatus for

project funding that utilizes an advertiser funding model to eliminate reliance on traditional fundraising systems.

10. Google is a technology company and a provider of advertising services on the internet. Its portfolio of products and services includes Google Ads, Google AdSense, Google Maps, Google Pixel, Google Play Store, Google Search, and YouTube, among many others. Google provides its products and services both directly and through subsidiaries and business units it owns and controls.

11. Defendant owns, operates, manages, and provides content for its websites, including but not limited to google.com (Google Search), ads.google.com (Google Ads), adsense.google.com (Google AdSense), and youtube.com (YouTube) (collectively, the "Google Websites"). Through its Google Websites, Defendant makes, uses, offers to sell, and sells its products and services and directs and encourages its users to use and purchase its products and services.

12. Defendant's about.google website states the following: "Advertising is what makes it possible to offer our products to everyone. While we sell things like Pixel phones, apps on the Play Store, YouTube subscriptions, and tools for businesses, we make the vast majority of our money from advertising. . . . We make money selling ad space to businesses—big and small, global and local—in two key ways. First, businesses can reach potential customers by showing ads on a range of Google products such as Search, Maps, and YouTube. Second, businesses can buy ad space that we show on sites and apps that partner with us, like news publications and blogs. In this case, most of the money goes to the partner and helps fund their content. So ads not only help support Google but also many other websites and creators."

13. Google Ads is an online advertising platform that allows its users ("Client(s)") to create a variety of online advertisements, including "Search Ads," "Display Ads," "Shopping Ads," "Video Ads," and "App Ads."

14. Google AdSense is an online advertising system that allows publishers of internet-based content ("Web Property Content Owner(s)") to monetize their content by displaying targeted Google ads within their content.

15. Defendant conducts business and advertises, operates, offers to sell, and sells through its Google Websites its products and services, including but not limited to Google Ads and Google AdSense (collectively, the "Accused Systems"), throughout the United States and within this District.

16. On information and belief, at all relevant times, Defendant was in the business of making, using, offering to sell, and selling through its Google Websites its products and services, including but not limited to the Accused Systems, in the United States and within this District.

17. Defendant has and continues to infringe, induce others to infringe, and/or contributorily infringe at least claim 19 of the '898 Patent by making, using, offering to sell, and selling its products and services, including but not limited to the Accused Systems, throughout the United States and within this District.

18. The Accused Systems operate together as a system to perform an advertiser funding method by which: (1) Clients upload advertising material and select from a plurality of advertising buy options; (2) Google accepts advertising revenue and populates web property content (e.g., YouTube videos) with the Client's advertisement in accordance with the selected buy option; (3) upon meeting a predetermined number of valid impression, Google ceases to populate web property content with the Client's advertisement; and (4) Google transmits a share of the

advertising revenue to the Web Property Content Owner. For example, a Client can "create your video ads with Google Ads," select "who should see your ad" and "how much you want to spend," and have the ads "appear on YouTube":



19.    Defendant's Google Ads website states the following: "Through Google Ads, you can create online ads to reach people exactly when they're interested in the products and services that you offer. You choose where your ad appears, set a budget that's comfortable for you, and easily measure the impact of your ad."

20.    Google Ads provides a Client with a plurality of buy options for advertising, including the currency used for purchase, the daily budget, the monthly maximum, and the range of estimated impressions. The range of estimated impressions offered by Google Ads corresponds with a Client's selected budget, for example, a "$15 daily average" and "$456 monthly max" allows a Client to "[g]et an estimated 500–850 ad clicks each month":



21.     Defendant's Google Ads website further states the following: "Your account will stop serving ads if your budget is spent or a specific end date is reached.  Check your account budgets regularly to make sure that your ads continue serving."

22.     Defendant's Google AdSense website states the following: "Google AdSense is for publishers.  If you own or manage websites, blogs, or forums, and want to monetize them, the Google AdSense program could be for you.  Ads appear on your digital property, and you can earn revenue based on the number of people who view or engage with these ads."

23.     Google directly infringes the '898 Patent by making, using, offering to sell, and selling in this District and throughout the United States its infringing products and services, including but not limited to the Accused Systems, through its Google Websites.

24.     Google indirectly infringes the '898 Patent by inducing, causing, urging, encouraging, aiding, and abetting the infringement of the '898 Patent by third-party users of the Accused Systems, including Clients and Web Property Content Owners.  Google knowingly and actively encourages Clients and Web Property Content Owners to use its Accused Systems to infringe the '898 Patent by advertising the infringing method performed by the Accused Systems and instructing its third-party users to infringe.

25. Google knowingly and actively encourages Clients to use its Accused Systems to infringe the '898 Patent by, for example, offering Clients an initial $500 credit "[t]o help you get started with Google Ads" as well as "free personalized support" with a "Google Ads Expert":



26. Google knowingly and actively encourages Web Property Content Owners to use its Accused Systems to infringe the '898 Patent by, for example, providing Web Property Content Owners with step-by-step instructions and "help that's specific to you" from an "AdSense expert" to monetize their web property content:



27. Google contributorily infringes the '898 Patent by providing its products and services, including but not limited to the Accused Systems, to its U.S. users who, in turn, use the infringing products and services.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 11,416,898

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–27 herein.

29. Pursuant to 35 U.S.C. § 271(a), Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least claim 19 of the '898 Patent by making, using, offering to sell, and selling in this District and throughout the United States its infringing products and services, including but not limited to the Accused Systems, through its Google Websites.

30. In violation of 35 U.S.C. § 271(b), Defendant has infringed (literally and/or under the doctrine of equivalents) at least claim 19 of the '898 Patent indirectly by inducing, causing, urging, encouraging, aiding, and abetting the infringement of the '898 Patent claim by third-party users of the Accused Systems, including Clients and Web Property Content Owners. Defendant

knowingly and actively encourages Clients and Web Property Content Owners to use its Accused Systems to infringe the '898 Patent by advertising the infringing method performed by the Accused Systems and instructing its third-party users to infringe.

31. In violation of 35 U.S.C. § 271(c), Defendant has infringed (literally and/or under the doctrine of equivalents) at least claim 19 of the '898 Patent indirectly by contributing to the infringement of at least claim 19 of the '898 Patent. Defendant provides its products and services, including but not limited to the Accused Systems, to its U.S. users who, in turn, use the infringing products and services.

32. On information and belief, Defendant had knowledge of the '898 Patent since at least as early as August 2022, when the '898 Patent issued.

33. On January 31, 2024, Defendant was mailed a letter and a draft of this Complaint via FedEx First Overnight noticing Defendant of its infringement of the '898 Patent. The letter and Complaint were mailed to Defendant's General Counsel Halimah DeLaine Prado at Defendant's Mountain View headquarters, where receipt was confirmed.

34. On information and belief, while fully aware that its products and services, including but not limited to the Accused Systems, infringed one or more of the claims of the '898 Patent, Defendant made, used, offered to sell, and sold its infringing products and services and induced others to use its infringing products and services.

35. As a result of Defendant's infringement of the '898 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

36. On information and belief, Defendant's infringement of the '898 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '898 Patent.

37. Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendant's willful infringement of the '898 Patent.

38. Defendant's Accused Systems meet each and every element of at least claim 19 of the '898 Patent. The Accused Systems meet the preamble "[a] system comprising." Google Ads and Google AdSense, together with the Google Websites, operate as a system.

39. Defendant's Accused Systems meet the claim element "a memory." The Accused Systems employ various types of memory, including the servers operated and maintained by Google, which store and maintain information provided by Clients and Web Property Content Owners.

40. Defendant's Accused Systems meet the claim element "one or more processors in communication with the memory." The Accused Systems consist of various processors in communication with the memory, including Google server processors, Client processors, and Web Property Content Owner processors.

41. Defendant's Accused Systems meet the claim element "program instructions executable by the processor via the memory to perform a method, the method comprising." The Accused Systems utilize source code, i.e., program instructions, executable by processors via the memory to perform a method described below.

42. Defendant's Accused Systems meet the claim element "receiving, by the one or more processors, from a given client, over an Internet-based communication link from a browsing application executed on the given client processor to the one or more processors, a message comprising data, the data comprising advertising material to populate on one or more websites." The Accused Systems are configured to receive, by one or more processors, from a given Client, over an internet-based communication link from a browsing application executed on the given

Client processor to one or more processors, a message comprising data, the data comprising advertising material to populate on one or more websites. For example, the Google Ads website allows a Client to upload advertising material that will populate on one or more websites, such as YouTube, Google Search, or various websites maintained by Google or affiliates.

43. Defendant's Accused Systems meet the claim element "identifying, by the one or more processors, the given client, based on receiving the message, an identifier, wherein the message comprises the identifier." The Accused Systems require that a Client have a Google account to sign in, and the Client's advertisement, i.e., the message, is identified with the Client's account.

44. Defendant's Accused Systems meet the claim element "based on a message provided by a given client, generating, by the one or more processors, a webpage, wherein the generating comprises providing, via a graphical user interface of the webpage, a plurality of advertising buy options for selection by a given client accessing said webpage." The Accused Systems generate, by one or more processors, a webpage that provides a Client with a plurality of buy options on the Client's graphical user interface for the Client's selection. For example, Google Ads provides a Client with a plurality of buy options for advertising, including the currency used for purchase, the daily budget, the monthly maximum, and the range of estimated impressions.

45. Defendant's Accused Systems meet the claim element "obtaining, by the one or more processors, via an input in the graphical user interface, a selection of one or more of the advertising buy options, wherein the selected one or more advertising buy options comprise at least one website of the respective websites and a predetermined number of impressions of the advertising material for users visiting the at least one website." The Accused Systems obtain a Client's selection of one or more advertising buy options, which comprise the respective websites

and a predetermined number of impressions. For example, Google Ads obtains a Client's selection of buy options, which involve showing the Client's advertisement on one or more websites, such as YouTube, Google Search, or various websites maintained by Google or affiliates, and a predetermined number of impressions.

46. Defendant's Accused Systems meet the claim element "generating, by the one or more processors, on a database accessible to the one or more processors, a repository for advertising revenue based on the selection." The Accused Systems generate a repository for advertising revenue and accept payment for an advertisement campaign based on a Client's selection of a buy option.

47. Defendant's Accused Systems meet the claim element "based on obtaining the selection, populating, by the one or more processors, the advertising material on the at least one website, wherein the populating comprises placing the advertising material within web property content of the at least one website." The Accused Systems populate, by one or more processors, a Client's advertising material within web property content of at least one website.

48. Defendant's Accused Systems meet the claim element "monitoring, by the one or more processors, a number of impressions of the advertising material provided to users accessing the web property content displayed on the at least one website." The Accused Systems monitor, by one or more processors, the number of impressions the displayed advertising material obtains, and Clients can view the number of impressions a specific advertisement obtains.

49. Defendant's Accused Systems meet the claim element "determining, by the one or more processors, whether an impression of the advertising material is valid, wherein the impression is valid based on a predetermined impression tracking system." The Accused Systems determine, by one or more processors, whether an impression is valid based on a predetermined

impression tracking system by which invalid impressions are excluded.

50. Defendant's Accused Systems meet the claim element "determining, by the one or more processors, that the number of valid impressions is greater than or equal to the predetermined number of impressions." The Accused Systems determine, by one or more processors, that the number of valid impressions is greater than or equal to the predetermined number of impressions.

51. Defendant's Accused Systems meet the claim element "upon determining a number of valid impressions are met, ceasing, by the one or more processors, the populating of the advertising material on the at least one website." The Accused Systems cease, by one or more processors, the populating of a Client's advertising material upon determining that the predetermined number of valid impressions is met.

52. Defendant's Accused Systems meet the claim element "based on determining a number of valid impressions are met, electronically collecting, by the one or more processors, a share of the advertising revenue to be transmitted to the web property content owner." The Accused Systems electronically collect, by one or more processors, shares of the advertising revenue to be transmitted to Web Property Content Owners. For example, Web Property Content Owners can register with Google AdSense to monetize their content.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief, as follows:

A. Declaring that Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 11,416,898, together with all rights of recovery under such patent for past infringement thereof;

B. Declaring that United States Patent No. 11,416,898 is valid and enforceable in law and that Defendant has infringed said patent;

C. Awarding to Plaintiff its damages caused by Defendant's infringement of United

States Patent No. 11,416,898;

D. Entering a preliminary and permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patent No. 11,416,898;

E. Declaring that Defendant's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

F. Declaring that this is an exceptional case and awarding to Plaintiff its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

| *Of Counsel:* | Steven J. Balick (#2114) |
| | Andrew C. Mayo (#5207) |
| Dariush Keyhani | 500 Delaware Avenue, 8th Floor |
| Frances H. Stephenson | P.O. Box 1150 |
| KEYHANI LLC | Wilmington, DE  19899 |
| 1050 30th Street NW | (302) 654-1888 |
| Washington, DC 20007 | sbalick@ashbygeddes.com |
| (202) 748-8950 | amayo@ashbygeddes.com |
| Dated:  February 9, 2024 | *Attorneys for Plaintiff* |

{01982502;v1 }            14